On Application for Rehearing.
 

 PER CURIAM.
 

 The petition for a rehearing must be denied because the action for the removal of the sheriff has become abated by the expiration of his term of office. In the opinion rendered by the judge of the district court it was said that at the time of the trial the case had become almost a moot case because the term of office of the sheriff was very near its end, and he was a candidate for re-election, and hence the electors. of the parish would soon decide whether he should be ousted from office or should remain in office for another term of four years. At the time when the judgment was rendered by this court, affirming the judgment of the district court, the
 
 *827
 
 sheriff had been nominated in the Democratic Primary Election, which meant that he had been virtually elected to succeed himself. Those facts were stated in the opinion rendered by this court; and it was stated that the case was then virtually a
 
 moot case. On the next
 
 day after the judgment was rendered by this court, in the general election, held on April 18th, the sheriff was re-elected for another term of four years, and the case thereby became absolutely a moot case. Since the election thirty days have expired, and, according to Section 25 of Act No. 224 of 1940, it became the duty of the Governor to issue his commission to the sheriff for the new term of four years. In fact we are informed that the sheriff has received his commission and has actually taken the oath of office and entered upon the discharge of his duties as sheriff for the new term of four years. This suit, therefore, to remove the sheriff from office for the term for which he was serving at the time when the suit was filed, has become abated.
 

 Even if a judgment had been rendered in this case removing Sheriff Jeansonne from office, and if that judgment had become final before he was re-elected, the judgment of removal would not have disqualified him for re-election. Saint v. Irion, 165 La. 1035, 116 So. 549. And from this it follows that the pendency of this suit against him at the time of his reelection did not disqualify him as a candidate for re-election, or affect the validity of his re-election. For that reason the ruling in Stanley v. Jones, 197 La. 627, 2 So.2d 45, cited in the petition for a rehearing in this case, is not applicable.
 

 The petition for a rehearing is denied on the ground solely that the suit to remove the sheriff has become abated by the expiration of the term of office for which he was serving at the time of the filing of this suit to remove him.
 

 ODOM, J., absent.